UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **VIOLATION:** |
| | : | 18 U.S.C. § 371 (Conspiracy to Commit |
| **TEANG LIU,** | : | Mail Fraud) |
| | : | |
| Defendant. | : | **FORFEITURE: 18 U.S.C. § 981(a)(1)(C),** |
| | : | 28 U.S.C. § 2461(c) |

## INFORMATION

The United States charges:

At times material to this Information:

### Introduction

1. TEANG LIU resided in Virginia.

2. HAITENG WU resided in Virginia.

3. JIAHONG CAI resided in Virginia and was married to HAITENG WU.

4. Apple Incorporated ("Apple") was a multinational corporation headquartered in Cupertino, California, that designed, developed, and sold consumer electronic devices, computer software, online services, and personal computers, including personal cellular telephones with extensive computing capabilities known as the Apple iPhone ("iPhone").

5. All genuine Apple iPhones had an International Mobile Equipment Identity ("IMEI") number and a serial number, which were both unique numbers to each device. Removing or altering IMEI or serial numbers of iPhones interfered with Apple's ability to control the quality of its products and the experience of Apple customers whose IMEI and serial numbers were improperly replicated. As a result, an iPhone without an accurate IMEI or serial number was not an authentic Apple device.

6. Apple provided a one-year warranty for new iPhones that warranted against product defects and allowed customers to return a non-functioning device to Apple or an authorized Apple reseller and receive a genuine replacement device. Apple also sold insurance protection plans, such as AppleCare+, that extended beyond one year.

7. FedEx, DHL, and United Parcel Service ("UPS") were multinational companies that provided logistics and shipping services, and were private and commercial interstate carriers.

## COUNT ONE
### (Conspiracy to Commit Mail Fraud)

8. Paragraphs 1 through 7 are incorporated here.

9. From in or about at least June 2016 through in or about at least June 2018, in the District of Columbia and elsewhere, TEANG LIU, HAITENG WU, and JIAHONG CAI, together with other conspirators known and unknown to the United States, did knowingly and willfully conspire, combine, confederate, and agree to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 1341 (mail fraud), in violation of Title 18, United States Code, Section 371 (conspiracy).

Purpose of the Conspiracy

10. It was a purpose of the conspiracy for TEANG LIU, HAITENG WU, JIAHONG CAI, and others to defraud Apple by obtaining authentic replacement iPhones for inauthentic iPhones.

Manner and Means of the Conspiracy

11. The manner and means by which this purpose was carried out included TEANG LIU, HAITENG WU, and JIAHONG CAI opening mailboxes at UPS Stores to receive inauthentic iPhones from Hong Kong, to submit inauthentic iPhones to Apple for replacement, and to receive authentic replacement iPhones from Apple.

Overt Acts

12. In furtherance of the conspiracy, and in order to effect the object thereof, TEANG LIU, HAITENG WU, and JIAHONG CAI, and other conspirators who are known and unknown to the United States, in various combinations, directly and indirectly, within the District of Columbia and elsewhere, committed overt acts, including, but not limited to the following:

    a. On or about August 24, 2016, TEANG LIU opened a commercial mail receiving agency ("CMRA") mailbox at the UPS Store on 15th Street, N.W., Washington, D.C.

    b. On or about August 24, 2016, TEANG LIU opened a CMRA mailbox at the UPS Store on L Street, N.W., Washington, D.C.

    c. On or about August 24, 2016, TEANG LIU opened a CMRA mailbox at the UPS Store on M Street, N.W., Washington, D.C.

**(Conspiracy to Commit Mail Fraud,
in violation of Title 18, United States Code, Section 371)**

**FORFEITURE ALLEGATION**

1. Upon conviction of the offense alleged in Count One, TEANG LIU shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States also will seek a forfeiture money judgment against TEANG LIU in the amount of at least $57,780.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of TEANG LIU:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

TEANG LIU shall forfeit to the United States any other property of TEANG LIU, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188

By: _____
KONDI J. KLEINMAN, Cal. Bar No. 241277
Assistant United States Attorney
RYAN K.J. DICKEY, D.C. Bar No. 982536
Trial Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6887 (Kleinman)
(202) 616-1509 (Dickey)
Kondi.Kleinman2@usdoj.gov
Ryan.Dickey@usdoj.gov

DATED: January 4, 2021